UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MILLER, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,<br><br>Defendant. | **COMPLAINT** Docket<br><br>No.: 26-cv-215<br><br>Jury Trial Demanded |

CHRISTOPHER MILLER ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C. and MILLS LEGAL, LLC, as and for his Complaint against CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the Fair Labor Standards Act ("FLSA")'s requirement that employers pay all overtime wages owed to their employees in a timely manner, 29 U.S.C. § 207(a), 29 C.F.R. § 778.106; (ii) the New York Labor Law ("NYLL")'s requirement that employers pay all wages owed to their employees in a timely manner, NYLL §§ 191(1)(a) and/or 191(1)(d); (iii) the NYLL's requirement that employers pay their employees all of their earned wages in full and without deduction, NYLL § 193; (iv) the NYLL's requirement

that employers furnish employees with a wage statement containing specific categories of accurate on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendant, a New York corporation that operates an energy company throughout New York City and Westchester County, first as a general utility worker from 2009 to 2012, and then as a distribution splicer from 2012 through the present, at two of Defendant's stations in Brooklyn and Queens, New York. As described below, at all times relevant to the FLSA, Defendant has willfully failed to pay Plaintiff all overtime wages statutorily due to him in a timely manner, and at all times relevant to the NYLL, Defendant has failed to pay Plaintiff all earned wages statutorily due to him in a timely manner (together as "the Relevant Periods"). Specifically, throughout the Relevant Periods, Defendant has frequently required Plaintiff to work, and Plaintiff has worked, forty to seventy hours per week. Yet in exchange, Defendant has not paid Plaintiff all of his statutorily-owed overtime or regular wages in a timely manner, meaning on the regularly-scheduled payday following the end of each pay period, and has instead frequently paid him those owed overtime and regular wages late, usually one pay cycle later, which also constitutes an unlawful deduction from Plaintiff's wages.

3. In addition, Defendant has failed to provide Plaintiff with an accurate wage statement on each payday or an accurate wage notice at his time of hire, in violation of Sections 195(3) and 195(1) of the NYLL, respectively.

4. Defendant has paid and treated all of its non-managerial employees whom Defendant pays directly in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who have suffered damages as a result of Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Plaintiff has performed substantially all of his work for Defendant in this District.

## PARTIES

9. At all relevant times herein, Plaintiff has worked for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA and the NYLL.

10. At all relevant times herein, Defendant was and is a New York corporation with its principal place of business located at 4 Irving Place, New York, New York 10003.

11. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business has exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employed and employs two or more employees, and has bought and used materials such as machinery, tools, fixtures, and supplies from vendors in states other than New York that it then uses in its New York operations, and further employs workers who live outside of New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant liquidated damages for late-paid overtime compensation pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), as well as 29 C.F.R. § 778.106, individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendant and whom Defendant paid directly, and who give consent to file a claim to recover liquidated damages for late-paid overtime compensation that is statutorily due to them ("FLSA Plaintiffs").

13. At all relevant times herein, Defendant has treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) have performed similar tasks, as described in the "Background Facts" section below; (2) have been subject to the same laws and regulations; (3) have been paid in the same or similar manner; (4) have been required to work in excess of forty hours in a workweek; and (5) have not been paid in a timely manner at the statutorily-prescribed rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendant is and has been aware of the requirement to pay its employees, including Plaintiff and FLSA Plaintiffs, all statutorily-due overtime wages in a timely manner, meaning by the regularly scheduled payday after the pay period ends, yet it purposefully and willfully chose and continues to choose not to do so. Indeed, Plaintiff complained to his supervisors on several occasions that Defendant was not paying him overtime pay in a timely manner for all of his overtime hours worked in accordance with the law, but Defendant continued not to pay him timely for all statutory overtime wages due.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully failing to pay them statutorily-due overtime compensation in a timely manner for all hours worked per workweek above forty, in violation of the FLSA and its supporting regulations.

## RULE 23 CLASS ALLEGATIONS

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendant has subjected to violations of the NYLL during the applicable statutory period.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees, who during the applicable NYLL limitations period, performed any work for Defendant in New York, and whom Defendant paid directly ("Rule 23 Plaintiffs").

**Numerosity**

19. During all times applicable to the NYLL, Defendant has employed, in total, at least forty employees that are putative members of this class.

**Common Questions of Law and/or Fact**

20. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) whether Defendant has paid the Rule 23 Plaintiffs all earned wages owed in a timely manner, meaning on each regularly-scheduled payday, in full and without deduction; (3) whether Defendant has furnished and furnishes the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (4) whether Defendant furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire that contains the information that NYLL § 195(1) requires; (5) whether Defendant has kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (6) whether Defendant has kept and maintained records with respect to the compensation that it has paid to the Rule 23 Plaintiffs; (7) whether Defendant maintains any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (9) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

21. As described in the "Background Facts" section below, Defendant has employed

6

Plaintiff and Rule 23 Plaintiffs in New York and has paid them directly.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendant, in New York, yet Defendant has failed to pay them in full in a timely manner, meaning all wages due on each regularly-scheduled payday, and has further failed to furnish them with an accurate wage statement on each payday or with an accurate wage notice at the time of hire.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to be paid in full in a timely manner, and to be furnished with an accurate wage statement on each payday and an accurate wage notice at hire.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of timely compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

### Adequacy

22.     Plaintiff, as described below, has worked for Defendant in New York and Defendant has paid him directly throughout this employment.  Defendant has not paid Plaintiff in full and in a timely manner or furnished him with an accurate wage statement on each payday or with an accurate wage notice at hire, which is substantially-similar to how Defendant has paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to him.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

23.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

7

**Superiority**

24. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant has treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25. Any lawsuit brought by any New York employee of Defendant whom Defendant pays directly for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

27. Defendant is a New York corporation that operates an energy company throughout New York City and Westchester County.

28. Plaintiff has worked for Defendant from 2009 to the present, first as a general utility worker until in or around 2012, and then as a distribution splicer ever since, at two of Defendant's stations located in Brooklyn and Queens, New York.

29. In his current role as a distribution splicer, Plaintiff's primary duties consist of connecting underground electrical lines.

30. Throughout at least the Relevant Periods, Defendant has paid Plaintiff directly through its payroll department.

31. Throughout at least the Relevant Periods, Plaintiff's schedule has been an alternating one, but Defendant has typically scheduled him to work forty to seventy hours per week.

32. In exchange, Defendant paid Plaintiff at the regular hourly rate of $42.10 at the beginning of the Relevant Periods before increasing his rate two to four times a year to where it stands currently, which is $69.23. He is thus also entitled to overtime pay at one and one-half times his regular hourly rate.

33. Defendant's pay period is weekly and runs from Sunday to Saturday. Each regularly scheduled payday is supposed to be on the Friday following the preceding workweek.

34. But Defendant has frequently failed to pay Plaintiff all statutorily-due wages, regular or overtime, in full and in a timely manner, meaning on each regularly scheduled payday for the preceding workweek.

35. By way of example only, for the workweek of October 27 to November 2, 2024, Plaintiff worked forty and one-half hours. The regularly scheduled payday for that workweek was November 8, 2024. On that regularly scheduled payday, Plaintiff should have received his regular rate of $66.57 for each of his first forty hours of work, and one and one-half times that amount for the one half-hour of overtime that he worked during this week. However, Plaintiff only received $2,696.09, meaning that Defendant only paid him on the regularly scheduled payday at his regular rate for forty and one-half hours of work. Defendant paid Plaintiff his overtime premium for his one-half hour of overtime work on the next scheduled payday, which was November 15, 2024.

36. By way of another example, for the workweek of August 3 to August 9, 2025, Plaintiff worked fifty-nine hours and forty-five minutes. The regularly scheduled payday for that workweek was August 15, 2025. On that regularly scheduled payday, Plaintiff should have received his regular rate of $69.23 for each of his first forty hours of work, and one and one-half times that amount for the nineteen hours and forty-five minutes of overtime that he worked during this week. However, Plaintiff only received payment on the regularly scheduled payday for fifty-

9

eight hours of work. Defendant paid Plaintiff for his remaining one hour and forty-five minutes of overtime work on the next scheduled payday, which was August 22, 2025.

37. Thus, on those occasions when Defendant paid Plaintiff late, Defendant failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's total hours worked that week or his regular and overtime wages owed for those hours. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and when he was entitled to receive it, and contributed to the late payment of wages as asserted herein.

38. Defendant also failed to provide Plaintiff with a wage notice at the time of his hire that accurately contained the regular payday designated by Defendant on which Plaintiff would actually receive all wages due, as Defendant frequently and regularly paid Plaintiff for some of his wages on subsequent paydays. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and when he was entitled to receive it, and resulted in the late payment of wages as asserted herein.

39. Defendant has treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

40. Defendant has acted in the manner described herein so as to maximize its profits while minimizing its labor costs and overhead.

41. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked has been for Defendant's benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Late Paid Overtime under the FLSA*

42.  Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.  29 U.S.C. § 207(a) and 29 C.F.R. § 778.106 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek on the regular payday for that pay period.

44.  As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

45.  As also described above, Plaintiff and FLSA Plaintiffs have worked in excess of forty hours in a workweek, yet Defendant has failed to compensate them in accordance with the FLSA's overtime provisions.

46.  Defendant has willfully violated the FLSA.

47.  Plaintiff and FLSA Plaintiffs are entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's timely payment requirements.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay All Earned Wages on a Timely Basis in Violation of the NYLL*

48.  Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.  NYLL §§ 191(1)(a) and (d) require that employers pay both their manual and clerical worker employees all of their earned wages due in a timely manner, meaning on each regularly scheduled payday.

50. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

51. As also described above, Defendant has failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action all of their earned wages in a timely manner.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to recover liquidated damages associated with any late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all earned wages to their employees in a timely manner.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unlawful Deductions in Violation of the NYLL*

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 193 prohibits employers from making any deduction from an employee's wages, outside of certain limited enumerated circumstances, none of which is applicable here, and even then only upon obtaining that employee's express written consent.

55. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

56. As also described above, Defendant made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to compensation for the amount of money that Defendant deducted from their wages.

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to recover liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's unlawful deduction provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

61. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

62. As also described above, Defendant, on each payday, has failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action with a wage statement that accurately contained all of the criteria that the NYLL requires.

63. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 195(1) requires that employers provide employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

66. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

67. As also described above, Defendant, at the time of hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action with a wage notice that accurately contained all of the criteria that the NYLL requires.

68. Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

69. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

   a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

   b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

   c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

   d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

   e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

   f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

   g. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

   h. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

   i. Awarding pre-judgment and post-judgment interest, as provided by law; and

   j. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   January 14, 2026

          Respectfully submitted,

          BORRELLI & ASSOCIATES, P.L.L.C.
          *Attorneys for Plaintiff*
          910 Franklin Avenue, Suite 205
          Garden City, New York 11530
          Tel. (516) 248-5550
          Fax. (516) 248-6027

BY: _____
          MICHAEL J. BORRELLI, ESQ. (MB 8533)
          ALEXANDER T. COLEMAN, ESQ. (AC 8151)
          RYAN S. RIGER, ESQ. (6176655)


          MILLS LEGAL, LLC
          *Attorneys for Plaintiff*
          14 Pennsylvania Plaza, 20th Floor
          New York, New York 10122
          Tel. (646) 703-0060

BY: /s/ Donte Mills
          DONTE MILLS, ESQ. (DM 2734)